(67 Misc. Rep. 358.)

### In re SEELEY'S ESTATE.

(Surrogate's Court, Orleans County.　April, 1910.)

WILLS (§ 714*)—BEQUEST TO CREDITOR—SERVICES RENDERED DECEASED.

　　A niece who had been brought up by an aunt, after reaching maturity engaged in different pursuits, but when her aunt returned to her former home after a long absence, in feeble health, and the niece returns to live with her, and does the household work until the death of her aunt, for which the aunt told her she should be well paid, and it was in evidence that the niece expected compensation, and the aunt makes provision for the niece in her will to an amount in excess of the fair value of her services, the legacy is to be regarded as intended as compensation, and a claim in addition thereto should be disallowed.

　　[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1700; Dec. Dig. § 714.*]

In the matter of the settlement of the estate of Pamelia Reed Seeley. Decree rendered.

Edwin L. Wage (Warner Thompson, of counsel), for Anna May Storms, claimant.

W. Crawford Ramsdale, for Fordyce D. Reed.

Gerald B. Fluhrer, for the administrator with the will annexed.

SIGNOR, S.　From the evidence in this case it appears that the claimant was a niece of the decedent, and when about four years of age went to live with her and was brought up by her; a relation somewhat similar to that of parent and child existing between the two. After the claimant had arrived at mature years, she ceased to live with the decedent, but was a nurse and engaged in other avocations, however, calling it her home at the decedent's house.　It appears that some time in the spring of 1906, and about April 1st, the decedent returned from the state of Michigan where she had been living, and began housekeeping in the village of Holley.　The claimant, Mrs. Storms, went to live with her.　The decedent was in feeble health, and, according to the testimony of Mrs. Hayford and others, the claimant performed all or nearly all of the work in the house, including cooking, laundry work, and whatever was to be done about the place, and she remained there performing such services as were necessary until the death of the decedent, with the exception of a few days when she was engaged in working in the canning factory.

I think from all the evidence in the case that there was an expectation upon the part of both the decedent and the claimant that she was to receive compensation for the services which she rendered. There is no proof of any contract.　In fact, the circumstances rather indicate that there was no agreement between the parties as to the compensation to be paid or whether any compensation was to be paid; but from the evidence of Mrs. Hayford it appears that the decedent told her that she wanted the claimant to stay with her, and that, while she had never made any bargain, she would be well paid for her services.　There is evidence that the claimant stated to Mr. Herbert T. Reed and also to Mr. Fordyce Reed that she had intended to make

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

no claim for her services, and that, if she had been provided for in the will as she expected to have been, she would have presented none.

I think this case differs from one where services by a member of a family are rendered for other members of the family, and where there may be a presumption that no reward for the services was intended. In this case the claimant had lived away from the decedent's home for some time; and I think the facts and circumstances would bear out the statement that she had returned and was remaining at the home of the decedent for the purpose of caring for her and that both the decedent and claimant expected that in some way she would be paid for her services. See Matter of Galway, 19 Misc. Rep. 92, 43 N. Y. Supp. 970.

The question, moreover, arises whether she has been paid for her services by the provision made in the will. I think it is evident from her own statement that all she expected was that there would be a provision in the will amply to compensate her for what she had done, and, if this was made, she did not intend to present a claim. The evidence is that her services were worth the sum of $382.50. On the other hand, it appears that she is a legatee under the provisions of the will to the extent of $1,000. In my judgment, if the provision of the will had been less than the value of her services, she could have presented a legitimate claim against the estate for such a sum in excess of that as would have compensated her for what she had done for the decedent. I am, however, of the opinion that, having been made a legatee under the will to an extent considerably in excess of the value of her services, there can be no further recovery in this matter. As I have said, it seems plain to me that what she expected was that she would be provided for in the will to an extent which would compensate her for what she had done; and, as it is very evident that this provision was made, I cannot see how the court can, under the circumstances, allow anything in excess.

The claim, therefore, must be rejected and a decree to that effect may be entered.

Decreed accordingly.