In the Matter of the Estate of GEORGE A. FULLER, Deceased.[*]

Surrogate's Court, New York County, December 22, 1933.

*Emmet, Marvin & Martin [Langdon P. Marvin* and *John F. Curran* of counsel], for the executors.

*Edgar Hirschberg [John F. Keating* of counsel], for the State Tax Commission.

[*] Affd., 242 App. Div. 623.

FOLEY, S. This is an appeal by the executors from the *pro forma* order dated October 11, 1933, fixing the estate tax on the appraiser's report. The ground of appeal is that the appraiser did not allow as a claim or debt of the estate the sum of $115,000, the value as of decedent's death of an annuity based on the expectancy of life of Dorothy C. Tucker, the decedent's former wife.

The decedent died September 5, 1931. On March 18, 1925, he and his wife, Dorothy C. Fuller (now Dorothy C. Tucker), entered into a separation agreement. By the terms of this agreement the parties undertook to continue to live separate and apart and the husband agreed to pay to his wife for maintenance and support the sum of $15,000 a year for life or, if the parties were divorced and the wife remarried, then on such remarriage the payment was to be $6,000 for life. It further provided that payment of either of these sums should survive the death of the husband or his legal incapacity. As consideration for the annuity for life, the wife released all other claims to support and maintenance, all other financial obligations of the husband or of his estate to her, and limited the amount of any alimony or other direction of payment for maintenance and support in any future action, involving the parties, to the amount of the annuity set forth in the agreement.

Subsequent to the making of the separation agreement the parties were divorced. The wife subsequently remarried and thereby her annual allowance was reduced by the terms of the agreement to the sum of $6,000. The decedent continued to pay this amount up to the time of his death. In the separation agreement, the husband reserved the privilege to set up a trust fund during his life, or by will, to produce the annuity for his wife. No trust was established by him in his lifetime, but the decedent in his will created a trust sufficient to produce the required payment to his former wife, in order that his estate " be relieved from any further obligation or liability " to her. The will followed the provisions of the separation agreement and recited the creation of this trust as a compliance with the terms of the agreement.

The State Tax Commission contends that the claim of the former wife is not a claim or indebtedness " incurred or contracted *bona fide* and for an adequate and full consideration in money or money's worth." (Tax Law, § 249-s, subd. 1.) The Commission contends that the fund for the wife's annuity is not deductible from the gross estate in order to ascertain the net estate left by the decedent.

The appeal is sustained. I hold that the separation agreement was a valid obligation enforcible against the husband in his lifetime and against his estate after his death. (*Barnes* v. *Klug*, 129 App. Div. 192; *Matter of Golding*, 127 Misc. 821; *Wilson* v. *Hinman*,

182 N. Y. 408; *Matter of Hoffman*, 108 Misc. 612.) The obligation to pay the annual amount during the lifetime of the former wife was stated in the agreement to be binding upon the husband and his legal representatives. As an enforcible obligation against his estate, it was as much a proper deduction from the gross estate as any other valid debt owed by him at the time of his death. There is no claim here that the agreement was not contracted "*bona fide.*" The provisions of the agreement for the setting up of a trust fund in the lifetime of the husband, or by a trust in his will, were permissive only, and did not alter or defeat the nature of his liability, or that of his estate, to pay the annuity. These provisions were privileges accorded to him. By the terms of the agreement, which permitted the testamentary trust, security was afforded to his former wife and his estate was relieved from the necessity of impounding a fund sufficient to pay the annuity for her life. Thus the rights of the beneficiaries in the estate could be more easily and promptly established after death.

The facts here are utterly unlike those in *Matter of Seitz* (262 N. Y. 32). There an ante-nuptial agreement required the husband to give his prospective wife $20,000, conditioned upon her surviving him six months subsequent to his death and payable by his executors six months after death. The Court of Appeals in effect held that the transfer was one made in contemplation of death, or intended to take effect in possession or enjoyment at or after the death of the husband. In the present case the payments under the separation agreement were a continuing liability, as valid as rent due under a lease, which might extend beyond the death of the lessee. There is no element here of any new benefit which arose out of the death of the decedent. No succession took place, or change in the nature of the liability nor any gift or benefit derived in contemplation of or intended to take effect in possession or enjoyment at death. Other authorities, and particularly *Matter of Vanderbilt* (184 App. Div. 661; affd., 226 N. Y. 638); *Matter of Baker* (83 App. Div. 530; affd., 178 N. Y. 575); *Matter of Orvis* (223 id. 1); *Matter of Schmoll* (191 App. Div. 435; affd., 230 N. Y. 559), support the conclusion reached in this decision.

While a trust fund of approximately $140,000 has been established by the executors to meet the annuity payment, a deduction from the gross estate will only be allowed in the sum of $115,000, the amount computed under the mortality tables as the value of the annuity at the date of death of the decedent.

Submit order on notice modifying the order fixing the estate tax accordingly.