In the Matter of the Estate of DANIEL G. REID, Deceased.

Surrogate's Court, New York County, November 19, 1937.

*White & Case* [*Joseph M. Hartfield, Walter S. Robinson* and *Orison S. Marden* of counsel], for Rhea Reid Topping, individually and as executrix, etc.

*Bleakley, Platt & Walker*, for the Bankers Trust Company, accounting trustee.

*Blandy, Mooney & Shipman* [*William West Shaw* and *Donald McDonald* of counsel], for Margaret R. Izrastzoff, objectant.

DELEHANTY, S. Since 1926 the accounting trustee has been administering the very large estate for which account is now made. Pursuant to the will the trust terminated on July 8, 1936, and the trustee now proposes to make complete distribution of the fund. The objectant, claiming that she is entitled to an " annuity "

payable during her life under an agreement of separation between herself and deceased, here seeks the reservation of a portion of principal sufficient to secure the annual payment to her of $30,000. She was not cited on the accounting of the executors, and hence is not foreclosed from making this application. The executrix of deceased is a party to this proceeding, and all parties agree that any sum now ordered held for the purpose of securing the payments to objectant should be transferred to the executrix as such to be retained and administered by her until objectant's claim has been fully satisfied.

The practical question presented concerns the amount of the reserve, if any, to be made pursuant to section 207 of the Surrogate's Court Act for protecting objectant's claim.

In 1921 deceased, by indenture, transferred to his selected trustees certain securities, the income from which he intended to be the source of the payments to objectant. Objectant was not a party to that trust agreement. Although her payments since 1921 have reached her in the shape of checks signed by trustees, objectant has not on that account accepted the provision thus voluntarily made by deceased for his own convenience. The market value of the fund so set up by deceased and still in the hands of his trustees under the indenture is $288,899.50 as of October 25, 1937. This fund is administered outside the estate, and its value has never entered into the operations of the executors or of the trustee named in the will of deceased. The income on this fund was adequate originally to pay all that was due objectant. That income was sharply reduced during the depression years and has long been less than enough to pay the amount due objectant annually. The trustees of that separate fund were able to make the payments only by reason of contributions voluntarily made to them by the daughter of deceased out of income which she received as beneficiary of the testamentary trust.

Objectant contends that this court may not take into account the existence of the separate fund. She asserts that the executrix must be supplied out of the testamentary trust principal with the sum of $1,500,000. With this capital the executrix could buy securities legal for investment by fiduciaries which, it is said, would presently earn only two and one-half per cent per annum. Objectant argues that the resultant $37,500 of income will be barely sufficient to pay the income taxes thereon and to leave the $30,000 net to which she will be entitled. The other parties in interest oppose a reserve in excess of $400,000. They deny that the reserve when made must necessarily be invested in so-called " legals."

The status of respondent is not that of an annuitant. She is merely a creditor of the estate entitled to protection of her rights as creditor. The extent of the protection needed is a judicial question. In reaching a determination thereof the court must take into account the interests of all parties, not merely those of respondent. In reaching any determination as to the required reserve the court should not ignore the fact that there is a very substantial separate fund now actually in the hands of trustees, who are pledged to use it for the payment of the amount annually due to objectant. Although objectant, as stated above, is not limited in the enforcement of her claim to a resort to this fund, its existence, nevertheless, is a substantial business factor in determining what reserve out of estate assets is now necessary. Objectant is fifty-four years of age. She has a life expectancy of approximately eighteen years. The court has, of course, no means of knowing whether she will live more or less than eighteen years, but her expectancy and the aggregate of money necessary to satisfy her claim during such expectancy are additional factors in the problem before the court.

The will of deceased gives broad powers to his executors and to his trustee. Not only were they authorized to hold investments owned by deceased in his lifetime, but such non-legal investments, if any, were permissible in the erection of the trusts, and non-legals were also permissible for investment by the trustee. The court cannot say that the mere need for securing a contingent claim suffices to deprive an executor of powers so granted by the testator. There is a substantial body of informed opinion that at least in times of depression non-legals carefully chosen may be a far better protection to capital and income than the most carefully selected legals. The court ventures no view of its own on this subject, but is not prepared to say as matter of law that the reserve here to be required must be invested only in securities legal for trustees. Under this will the beneficiaries of the trusts created by the will could not have compelled investment in legals. While it may be argued that the creditor position of objectant gives her the right to full payment of her claim in cash, there is no requirement in the law that the court which fixes the reserve to protect such claim should compel adherence to any different policy of administration of the estate than that which the testator prescribed for his executors. The court is bound to protect the creditor claims of the objectant by an adequate reserve. When that has been provided the terms of the will should control as to the executors' power. The cases dealing with annuities are not applicable, and so the rules for investment of the funds to produce an annuity are not applicable.

If there were assurance that this objectant would live no more than eighteen years it is obvious that a cash fund of $540,000 deposited at no interest would furnish her with adequate security. When there is taken into account the earnings on such a fund and the earnings on the fund in the hands of the trustees under the indenture of 1921 it would seem (after allowing for income taxes on the earnings) that a fund of $540,000 should be sufficient. That fund, plus the capital of the fund in the hands of the trustees under the 1921 indenture, would make a total of $828,000 on which the earnings would be very nearly the amount needed annually for payment to objectant. The fund if set up out of the estate on this basis would be subject, when necessary, to invasion of principal in order to supplement earnings. Taking into account the possible need for such invasion, it would still remain the case that the diminished returns upon the slowly-diminishing capital would permit the payment of the required sum out of income plus further invasions of capital for many years beyond objectant's expectancy. While the rate of invasion will accelerate in the later years, still there is no reasonable basis for assuming that such a fund will not be adequate for all demands of objectant. Out of a desire, however, to make provision which cannot in any case be deemed inadequate, the court will direct a reserve of $600,000 out of estate assets. Taking this fund into account as a capital subject to invasion, taking into account the income thereon diminishing as the principal is invaded, and taking into account the income only on the fund in the hands of the trustees under the 1921 indenture, provision is thus made for payment of the required annual sum for thirty-two years at least — a period nearly double the expectancy of objectant. The court has not taken into account any right of invasion of the corpus of the *inter vivos* trust. If that were to be considered then the total provision inside and outside the estate would secure payment of the required sum until objectant had attained an age of one hundred years.

Submit, on notice, decree settling the account of the trustee, directing the delivery to the surviving executrix of the fund herein prescribed and directing that she hold such fund as executrix subject to and until the satisfaction of all claims of objectant.