In the Matter of the Accounting of CONRAD H. BARATTA, as Administrator of the Estate of ACHILLES F. BARATTA, Deceased.

Surrogate's Court, Bronx County, February 23, 1951.

*Arthur N. Field* for administrator.

*Albert P. Singman* and *Raphael H. Rhodes* for Marie C. Baratta, objectant.

*Angelo P. Risi* for Alfred A. Baratta, objectant.

HENDERSON, S. The decedent's widow has asserted a claim against the estate for certain payments accruing subsequent to decedent's death, pursuant to the terms of a separation agreement which did not expressly specify that they were to continue during her life.

The decedent and the claimant were married in 1923. They separated in 1932 and while living apart entered into a separation agreement on May 18, 1933, by the terms of which the decedent agreed to pay his wife the sum of $15 per week. No provision is expressed as to the duration of the payments.

Upon the decedent's death, the widow applied for letters of administration. Her request was denied because it appeared that by the terms of the separation agreement, she had expressly released her rights to share in the estate. Letters were thereupon issued to the decedent's brother. No appeal has ever been taken from this determination and the time so to do has expired.

The husband's obligation to pay alimony terminates with his death and it is only by virtue of an agreement that his liability for the support of his wife can be made to continue after his death (*Wilson* v. *Hinman,* 182 N. Y. 408; *Lepsch* v. *Lepsch,* 275 App. Div. 412, 415). There is no presumption to that effect (*Matter of Junge,* 125 Misc. 707).

An examination of all of the terms of the agreement negatives any intent that the payments were to continue after the decedent's death. Therein the claimant not only released "any and all rights which she now has or may in the future have in and

to any and all property  *  *  *  which the said party of the second part now owns or may hereafter own or acquire wheresoever situate '', but she waived '' any and all rights  *  *  * in the estate  *  *  *  as though the relationship of husband and wife had never existed.''

The appearance of the formal language '' that all the  *  *  * terms  *  *  *  shall bind  *  *  *  the heirs, executors, administrators, personal representatives '' is not indicative of a contrary intent.  The agreement provided for releases of dower and curtesy and the execution of documents and deeds in connection therewith which would necessarily have to be binding upon the personal representatives of the deceased party.

The testimony of the witness, Anna Covino, offered by the widow to establish that the decedent had told the claimant in May, 1933, that the payments were to continue during her lifetime is unworthy of belief.  Furthermore, the separation agreement is complete on its face.  The claimant had the benefit of legal advice.  It is fair to assume that if the parties contemplated a liability subsequent to death, the intent to do so would be found in the agreement.

The claimant has failed to sustain the burden which the law casts upon her (*Matter of Stableford,* 174 Misc. 284).

Her contention that she is in any event entitled to the benefits provided by section 200 of the Surrogate's Court Act is likewise without merit (*Matter of Tierney,* 148 Misc. 378, 386).

Settle decree.