In the Matter of the Accounting of MARGARET MACFARLANE et al., as Executors of JOHN G. GRIMLEY, Deceased.

Surrogate's Court, New York County, August 10, 1951.

*Joseph E. Keenan* for executrix, petitioner.

*John B. O'Mara* and another, in person, executors.

*Walter A. Donnelly* for Mary C. Grimley, respondent.

*Leo E. Berson* for Margaret McNulty, respondent.

*Sidney I. Laitman* for Mary A. Breheny, respondent.

*Hutton & Holahan* for Albert Hutton, respondent.

FRANKENTHALER, S. During the pendency of an action for separation, instituted against deceased by his wife, a stipulation was entered into providing for payment to the wife of $50 per week during her life. Pursuant to the terms of the stipulation a provision directing that such payment be made " during her life " was incorporated in the judgment of separation entered in the Supreme Court, Westchester County. In the absence of an agreement between the parties to an action for divorce or separation, a provision in the decree in such an action for the payment of alimony is premised upon the obligation of the husband to support his wife and, since that marital duty terminates upon the husband's death, the alimony payments also cease on his death despite any contrary provision in the decree (*Wilson* v. *Hinman*, 182 N. Y. 408; *Barnes* v. *Klug*, 129 App. Div. 192). However, the husband voluntarily may assume an obligation to provide for his wife after his death and such an agreement to provide for the wife's support for her lifetime does not terminate upon the death of the husband and binds his estate (*Murray* v. *Murray*, 278 App. Div. 183, 189; *Barnes* v. *Klug, supra; Matter of Herb*, 163 Misc. 441). Deceased made

such a contract and he obligated his estate to continue weekly payments to his wife for her life. The claim of the widow for payment of the amount of the arrears is allowed, with interest.

The widow as a creditor of the estate, is entitled to have a reserve fund established to meet her claim. She has a life expectancy of slightly less than twelve years under the American Experience Table of Mortality, but there is no certainty either that her life will be so limited or that she will survive the normal period of time and the computation of the amount of a reserve cannot be based solely on her life expectancy. There is grave doubt that the entire net estate will yield income sufficient to meet the weekly payments to the widow and it undoubtedly will be necessary to invade capital to supplement income in meeting the payments to her. Taking into consideration the need for such invasions and the resultant diminution of income, the court finds that there will be required a reservation of the entire net estate remaining after delivery of specific legacies and disposition of the escrow fund hereinafter referred to. Such a reservation will be adequate to protect the position of the widow (*Matter of Reid,* 165 Misc. 207, affd. 254 App. Div. 850; *Matter of Heckscher,* N. Y. L. J. Oct. 21, 1946, p. 966, col. 2). The reserve fund will be administered by the executors and, on the death of the widow, the unexpended balance will be payable under the provisions of the will as affected by the compromise in the probate proceeding.

The will bequeaths the widow a general legacy of $2,500 and creates a trust for her benefit of one third of the net estate less the sum of $2,500. The widow has filed a notice of election under section 18 of the Decedent Estate Law. Under that statute her intestate share is one half of the net estate, as there defined, and, since the aggregate of the provisions under the will for the widow's benefit is less than her intestate share, she has the limited right to elect to take the difference between such aggregate and the amount of the intestate share.

As part of the stipulation entered into in the separation action it was provided that deceased would deposit securities in escrow to secure the weekly payments and '' to secure to plaintiff the payment of such share in the estate of the defendant as she may be entitled to in the event he shall predecease her.'' An escrow agreement then executed provides: '' That in the event that the husband shall predecease the wife the said certificates and the income therefrom shall be used to the extent that the same shall be available to pay to the wife such share in the estate of the husband as she may be entitled.'' The plain purpose of

the quoted provision was to secure the widow, to the extent of the escrow fund, payment of the portion of deceased's estate to which she would be entitled under the will or in intestacy. To that extent she has a preferred position. The escrow fund is applicable to the payment of the amount due to the widow under her limited right of election and to the payment of her general legacy. However, any such application of the escrow fund will be subject to the obligations of the widow under the compromise agreement entered into in the probate proceeding. If the fund shall be more than sufficient to meet these payments, any excess will be held as principal of the testamentary trust for her benefit. To make the escrow fund available for such purposes the escrowee will be directed to deliver the fund to the executors in accordance with the prayer of their petition herein and the notice contained in the citation served upon the escrowee.

Payments totalling $4,500 have been made to the widow from estate funds. Against that amount are to be charged the weekly payments heretofore payable to her and any other sums to which she is entitled to immediate payment. Any excess that might remain above such charges is to be repaid to the executors.

The executors are directed to refund the payments made to themselves as legatees under the will in order to make such amounts available for the payments due the widow under the separation agreement. The compromise agreement entered into in the probate proceeding requires that payments be made to persons who contested the will. Such payments and the payment of any legacy under the will may be made only when the obligations of the estate to creditors, including deceased's widow, have been met.

Objections have been made to the account because of the failure of the executors to report the receipt of certain items of personal property. Proper accounting practice would require that the executors include such property in their inventory despite the fact that the articles for which the executors are accountable are specifically bequeathed in the will. In this estate the inclusion of the value of this property in the account is important only for the purpose of determining the extent of the widow's elective share of the estate.

The court finds that a valid *inter vivos* gift of deceased's diamond ring was made by him in his lifetime. It is further found that, of the articles of personal property referred to in the objections, the executors are accountable for the articles listed in the appraisals submitted in evidence at the hearing and valued in such appraisals in the total of $311. To permit the

computation of the widow's elective share to be made, the account will be supplemented to include such valuation. The proof did not establish that the executors are accountable for any cash sum not reported in their account.

An agreement was reached among the parties as to the amounts of the fees of the attorneys for the respective executors and such fees will be allowed by the court.

The foregoing rulings dispose of the objections to the account. Submit decree on notice.