In the Matter of the Estate of MILES C. RABINOWITZ, Deceased.

Surrogate's Court, New York County, August 10, 1951.

*Victor S. Gettner* for Herman Gettner and another, as executors and trustees under the will of Miles C. Rabinowitz, deceased, petitioners.

*Max L. Arnstein* for Doris H. Rabinowitz, respondent.

*Quittner, Weis & Wilner* for Alexander Rabinowitz and others, respondents.

*Bertram H. Siegeltuch* for Florence Lowitz, respondent.

*Myers & Sherwin* for Arthur H. Falkenstein, respondent.

*Cohn & Cohn* for David Cohn, respondent.

*Herman R. Pepper* for Congregation Brothers of Israel of Mount Vernon, respondent.

*Gates, Levitt & Notkins* for Charles Nussbaum, respondent.

*Samuel Schacter* for Marie Rabinowitz, respondent.

*Werner Rosenberg* for Maria Boerner, respondent.

*Aronson, Hecht & Yules* for Joseph B. Schwarz, respondent.

*Etra & Etra* for Nellie Weintraub, respondent.

*Resnick & Resnick* for Mary Lewis, respondent.

*Edward Goodell* for United Jewish Appeal of Greater New York, Inc., respondent.

*Mortimer M. Kassell* for State Tax Commission, respondent.

*Edward L. Cole,* respondent in person, and for Osias Biller, individually and as petitioner, and another, respondent.

*Wilner & Steinberg* for Doris H. Rabinowitz and another, as administrators *c. t. a.* of the estate of Miles C. Rabinowitz, deceased, respondents.

*Vincent R. Fitzpatrick,* special guardian for Irma Rabinowitz and another, respondents.

FRANKENTHALER, S. Deceased and his first wife, the objectant herein, entered into an agreement on February 11, 1944, providing that a decree of divorce theretofore entered in an action in Nevada be amended to note the appearance of the wife and her answer to the complaint and to provide for the payment by deceased of $100 per week to objectant for her life. Deceased covenanted in the agreement that the payments would be made in accordance with the amended decree to be entered. The agreement also provided that deceased would deliver to an escrowee an insurance policy on deceased's life indorsed so as to constitute the objectant irrevocable beneficiary and that deceased would pay the premiums on such policy. The agreement was incorporated in an amended decree of divorce made by the Nevada court. On deceased's death he was in default in payment of the weekly sums and a premium payment was due upon the insurance policy. Objectant's claims for these amounts have been allowed by the executors. Objectant also asserts an obligation of the estate to continue the weekly payments for her lifetime.

The court holds that the contract entered into between deceased and objectant and incorporated into the amended decree of divorce is a binding obligation of his estate. (*Barnes* v. *Klug*, 129 App. Div. 192; *Matter of Herb*, 163 Misc. 441; *Matter of Fuller*, 151 Misc. 387.) Neither section 51 of the Domestic Relations Law nor other expressions of the public policy of this State prevent enforcement of the estate's liability. (*Hoyt* v. *Hoyt*, 265 App. Div. 223.) The administrators *c. t. a.* have relied upon *Reed* v. *Robertson* (276 App. Div. 902, affd. without opinion, 302 N. Y. 596) in support of their contention that the present agreement is invalid. There the parties entered into an agreement whereby the wife renounced all support from her husband and agreed to contribute a substantial sum of money to a trust for their child. The husband agreed to enter an appearance in a divorce action which would subsequently be instituted by the wife. The husband's appearance was by an attorney chosen by the wife's attorney. In an action by the husband to enforce the agreement, the Appellate Division said " the agreement sued upon, in the light of its background, circumstances and provisions, was an agreement tending to dissolve the marriage of the parties * * * and to relieve the husband from his liability to support his wife, in contravention of section 51 of the Domestic Relations Law of this State ". It is obvious that an agreement conditioned upon the procurement of a divorce and relieving the husband from his obligation to support is within the interdict

of section 51. However, if a divorce decree has been granted upon the suit of one of the parties, and a subsequent agreement obligates the other party to appear so as to ratify the divorce, there is then no tendency to dissolve the marriage and such an agreement has been held valid. (*Matter of Rhinelander,* 290 N. Y. 31.) The further contention, that the agreement between deceased and objectant is subject to attack upon the ground that it was in fraud of deceased's creditors, was not proved.

Objectant is entitled to have a reserve fund established to provide the weekly payments to her. (*Matter of Reid,* 165 Misc. 207, affd. 254 App. Div. 850; *Matter of Heckscher,* N. Y. L. J., Oct. 21, 1946, p. 966, col. 2.) The amount of such reserve is fixed at $125,000.

Submit decree on notice.