In the Matter of the Estate of SETON PORTER, Deceased.

Surrogate's Court, New York County, November 22, 1954.

*William C. Pierce* for Thomas W. Dawson and another, as executors of Seton Porter, deceased, petitioners.

*Charles S. Bannerman* for Gertrude C. Porter, respondent.

*William Fitz Gibbon* and *Henry L. Ughetta, II,* for Marie B. Porter and others, respondents.

*James T. Tynion* and *Donald H. Balleisen* for New York Trust Company and another, as temporary administrators of the estate of Frederica B. Porter, deceased, respondents.

*Genevieve Fraiman* for Phelps Association, respondent.

COLLINS, S. The court holds that Gertrude Cheever Porter, the first wife of the testator, under the agreement of separation dated March 21, 1924, has no claim to any payment from his estate after his death except such as had accrued at that time. The general proposition that alimony payments cease on the death of the husband may be avoided by an express agreement of the parties. (*Matter of Grimley,* 200 Misc. 901.) However, the burden of affirmatively showing such agreement is cast on the woman claiming alimony payments accruing after death and

her claim must fail if, after a consideration of the entire record, the mind of the court is left in doubt. (*Matter of Stableford,* 174 Misc. 284; *Matter of Sanchez,* 58 N. Y. S. 2d 230; *Matter of Baratta,* 199 Misc. 246, affd. 279 App. Div. 992.) The claimant here has not sustained the burden of showing that the payments were to continue after the death of testator. She was, under the separation agreement, entitled only to a sum based on the annual income of the testator and when such income ceased there remained no method of measuring the amount of any payment to her. She has arbitrarily selected the ceiling amount designated in the agreement as the maximum to be paid her, no matter what the income of deceased might be in any year to which such maximum was applicable. She released by the agreement not only her rights in decedent's real property but also waived any and all claims to share in the estate. Such waiver has been considered as indicating that the parties to a separation agreement did not intend the payments to continue after the husband's death. (*Matter of Baratta, supra.*) Claimant stresses the use of the words " during her lifetime " in the agreement but in view of the other provisions therein they must be considered as used to bar any claim by her representatives to payments for any period after her death, should she die before her husband. The claimant by her letter of June 9, 1936, has placed upon the agreement a practical construction directly contrary to the position now urged by her. The executors properly disallowed the claim of this respondent for any alimony accruing after the death of the testator. The remaining issues will be set for a hearing before me at a time to be fixed in a notice published in the New York Law Journal.