Joseph A. Cox, S.
The testator and the objectant herein were married in 1932 and entered into a separation agreement in 1953 which contained the preliminary recitals common to this type of agreement, provided that the parties could continue to live apart, recognized certain property interests of each party and committed the husband to make monthly payments to the wife “during her lifetime, or until her remarriage”. The covenant to make such payments reads as follows:
“ 5. The Husband covenants and agrees to pay to the Wife, during her lifetime, or until her remarriage, for her support and maintenance, the sum of $350.00 per month, payable in advance on the 12th day of each and every month.
‘ ‘ In the event, however, that a divorce is obtained by either party against the other, the Husband shah pay to the Wife, during her lifetime, or, if she remarries, until her remarriage, for her support and maintenance, the sum of $425.00 per month payable on the 12th day of each and every month, in advance, during the lifetime of the Wife or until she remarries.”
The agreement also included a waiver and a release by each party of any interest in the property or estate of the other and of any right or claim to be the personal representative of the other’s estate. The contract also contained the following clauses:
“ Should either party obtain a decree of absolute divorce against the other in any court of competent jurisdiction, the provisions of this Agreement shall he incorporated in such decree. Nevertheless, this Agreement shall not be deemed to be merged in any such judgment of divorce, and this Agreement shall survive such judgment or decree and shall remain in full force and effect notwithstanding such judgment or decree.
* * * No oral statement or prior written matter extrinsic to this Agreement concerning the rights, duties or obligations of either party hereto to the other shall have any force or effect. The parties are not relying upon any representations other than those expressly set forth herein.”
Immediately after the execution of the agreement the wife, the objectant herein, took steps to procure a Mexican divorce and thereafter a decree was made in an action in which the husband appeared. That decree approved the separation agreement and decreed the following: “As it is established in Paragraph 5 of the agreement of separation entered into between the parties, the defendant shall pay to plaintiff a pension of $425.00 four hundred and twenty-five dollars per month in United States currency for her maintenance and support.”
*1046 The testator’s liability for monthly payments during his lifetime is not questioned but the executor has rejected the claim of the former wife for payments which she asserts have accrued since the testator’s death. The question presented by the objections to the executor’s account is whether or not the estate is liable to the objectant for monthly payments for any period subsequent to the testator’s death.
Were the objectant relying solely upon a decree of divorce, either because of the absence of a separate contract or because an existent contract had been superseded by the decree, her divorced husband’s obligation to pay alimony would not have extended to any period subsequent to his death for the reason that such obligation would be regarded only as the equivalent of his marital duty to support his wife so long as he lived. (Wilson v. Hinman, 182 N. Y. 408; Barnes v. Klug, 129 App. Div. 192; Johns v. Johns, 44 App. Div. 533, affd. 166 N. Y. 613; Cooke v. Cooke, 2 A D 2d 128.) The objectant however premises her claim upon the agreement which was not merged in the divorce decree and which, by its terms, operates independently of that decree. Agreements extending a husband’s obligation to support his wife beyond his death are enforcible (Wilson v. Hinman, supra; Barnes v. Klug, supra; Cooke v. Cooke, supra; Murray v. Murray, 278 App. Div. 183; Matter of Herb, 163 Misc. 441; Matter of Grimley, 200 Misc. 901; Matter of Embiricos, 184 Misc. 453) and, consequently, the sole issue herein is one of interpreting the contract. That paper is not at all ambiguous and in its fifth article provides in three places that the obligation of the husband would continue during the lifetime of the wife or until her remarriage. The thirteenth article states that no oral statement or prior written matter extrinsic to the agreement shall have any effect and that the parties rely solely upon the representations contained in the contract. The entire agreement was drawn with care by attorneys of skill and, particularly in view of the long-established validity of this type of agreement, the court sees no reason to read into it anything beyond its plain literal and legal significance. There appears to be no compelling reason to force an analogy between this agreement and a judicial direction for the payment of alimony and if policy is involved, it should not be formulated to weaken or invalidate voluntary agreements providing for the support and maintenance of a wife. Where a separation agreement provides, as here, that the wife release any interest in her husband’s estate either as an intestate distributee or by reason of a right of election it is not at all unreasonable that, in consideration *1047 for such release, she should acquire some security until a remarriage. A wife living apart under a separation agreement may, in the absence of a release of her rights, assert a claim to a portion of her husband’s estate and when she releases her rights in consideration for monthly payments and the separation agreement also provides that a divorce may be obtained by either party, the procurement of a divorce does not invalidate the consideration for which the husband agreed to make the payments. While it would be possible for an agreement to distinguish between payments payable during the period of separation and payable after a divorce, this agreement draws no such line.
The decisions interpreting separation agreements as analogous to provisions for alimony have been made in situations quite different from the instant case. In Cooke v. Cooke (supra) the agreement stated that the payments were in the nature of alimony and, like alimony, the amounts payable were contingent upon fluctuations in the husband’s income. There the court found from the entire tenor of the agreement that payments by the husband were predicated upon his continued existence. An interesting fact in the Cooke case, a fact which presumably did not affect the decision, was that the husband had failed to change a will executed prior to the separation agreement and upon his death his former wife acquired a substantial portion of his estate as a legatee under that instrument.
Matter of Porter (208 Misc. 611) also involved an agreement which provided for payments contingent upon the income of the husband and the agreement also had been given a practical construction by the parties. However, in the same estate the same court held that an agreement between the decedent and a later wife was binding upon the estate because it provided for payments during the life of the claimant. (Matter of Porter, 142 N. Y. S. 2d 787, 789.)
Matter of Baratta (199 Misc. 246, affd. 279 App. Div. 992) concerned a separation agreement which did not expressly specify that payments by the husband were to continue during the wife’s life and in fact the agreement was silent as to the duration of the payments. So also the agreement considered in Lepsch v. Lepsch (275 App. Div. 412) failed to evidence any intention to continue payments after the husband’s death. This lack of a clear contractual provision also controlled the decisions in other cases relied upon by the executor herein.
The court interprets the agreement as providing for the continuance of the monthly payments during the lifetime of the *1048 objectant or until her remarriage and, accordingly, her claims are sustained. The objectant is entitled to have a reserve fund established to provide for future payments. (Matter of Grimley, 200 Misc. 901; Matter of Reid, 165 Misc. 207, affd. 254 App. Div. 850; Matter of Heckscher, N. Y. L. J., Oct. 21, 1946, p. 966, col. 2.) The parties may submit memoranda within 10 days following the publication of this opinion stating their contentions as to the amount in which such reserve shall be established.
Proceed accordingly.