Joseph A. Cox, S.
This is a proceeding brought by the decedent’s wife to compel payment of a claim asserted under an alleged separate agreement for support and maintenance which it is further alleged was subsequently incorporated in a judgment of separation. The said wife, the petitioner herein, has now moved for summary judgment with respect to her claim and the executors of the decedent’s estate have made a cross motion for summary judgment dismissing the petitioner’s claim. Although the matter has been submitted to the court for decision as a matter of law upon an undisputed state of facts, the parties disagree substantially as to the conclusions to be drawn from the submitted facts.
The decedent and his wife were separated by a judgment of separation which was entered in the Supreme Court, New York County, on February 11, 1957. Pursuant to the terms of the separation decree the defendant, the decedent herein, was ordered to pay to the plaintiff, the petitioner in this proceeding, “ during her life the sum of $192.31 on Tuesday of each week ”. In addition, the said decedent was ordered to pay to the petitioner “ during her life the sum of $115.30 on Tuesday of each week * * * for the support, maintenance and education of the issue of said marriage, to wit, Perry Marshall Bernstein, a male infant 8 years of age.” In July, 1957, the decedent executed a carefully drawn will in which he made bequests of $15,000 to two children by a former marriage, gave to his wife *719 a legacy of $2,500 and one third of his entire estate less the said sum of $2,500 in trust for her benefit, the minimum permissible under section 18 of the Decedent Estate Law, and left the balance of his estate in trust for the benefit of his son Perry. The petitioner now claims that pursuant to and by reason of the terms of the alleged separate agreement for support and maintenance, subsequently incorporated in the judgment of separation, she is a preferred creditor of the estate, individually and as general guardian of her son, in an amount which would virtually exclude all other creditors and legatees from participating therein. (Surrogate’s Ct. Act, § 212; Matter of Curtis, 188 App. Div. 470, affd. 228 N. Y. 534; Matter of Herbert, 23 Misc 2d 884.) In order to understand the basis upon which the claim is made a brief review of the undisputed facts leading up to the judgment of separation is necessary.
The decedent herein and his wife were married on December 31, 1944. It was the decedent’s second marriage, he having had two children by a prior marriage. The decedent and the petitioner had a child, Perry, who was born on February 5, 1949. In or about December, 1956 the petitioner herein instituted an action for separation against the decedent, on the ground of abandonment, in the Supreme Court, New York County. The proceeding was virtually uncontested except as to the question of alimony. The learned Justice who presided at the trial of the action indicated at the close of the trial that he was going to award a judgment of separation to the plaintiff, the petitioner herein, was going to award custody of the child to her and suggested to counsel that they negotiate with respect to the question of alimony. Several conferences were held concerning the question of the amount of the alimony payments to be made by the defendant and on February 4,1957 the parties appeared before the court, indicated that they had reached agreement as to the amount of alimony and dictated a stipulation upon the record setting forth the terms of the agreement reached by them with respect to the alimony payments. The record of that proceeding now before this court indicates the following: That the amount of alimony was to be fixed in the decree at the sum of $16,000 per annum, to be divided $10,000 for the support and maintenance of the wife, and $6,000 for the support, maintenance and education of the child and that the custody of the child was to be awarded to the petitioner. There are other items contained in the stipulation which require no comment because they have no bearing upon or in any way influence the question now before this court. The petitioner, *720 the plaintiff in the separation action, was present at the time the stipulation was dictated upon the record and was asked whether she understood the terms of the stipulation. She indicated that she did and that she approved of the terms.
Thereafter, findings of fact and conclusions of law were submitted which incorporated the terms of the stipulation which had been previously dictated upon the record. The attorneys representing the decedent in the matrimonial proceeding consented to the form and entry of the findings of fact and the conclusions of law on behalf of the decedent. Thereafter, a judgment was entered which contained the words “ during her life ” in two of the paragraphs thereof as hereinabove indicated. The form and entry of this decree was also consented to by the attorneys for the decedent on his behalf. It is important to note that other than in the judgment of separation there is no allusion made to the time or duration during which the payments for support and maintenance were to be made.
It is now the claim of the petitioner that the words “ during her life ” contained in the judgment of separation actually constituted by incorporation the terms of a separate agreement for support and maintenance which was entered into between the parties.
This question in varying forms has been presented to our courts on many occasions. From a reading of the decisions in which this question has been presented one salient fact and rule of law emerges and that is: that although a decedent may by his own voluntary act bind his estate for the payment of support and maintenance of his wife “ during her life” the court by its judgment can do no more than impose upon the defendant in a separation or divorce action the personal obligation to make such payments during his life. (Wilson v. Hinman, 182 N. Y. 408; Cooke v. Cooke, 2 A D 2d 128; Johns v. Johns, 44 App. Div. 533, affd. 166 N. Y. 613; Matter of Grimley, 200 Misc. 901; Matter of Porter, 208 Misc. 611.)
The mere recital of the words “ during her life ” contained in a separation or divorce decree does not bind the husband’s estate for alimony payments after his death. (Durland v. Syracuse Trust Co., 230 App. Div. 786; Barnes v. Klug, 129 App. Div. 192; Matter of Grimley, supra; Wilson v. Hinman, supra.) In all the cases cited by the petitioner the liability of the husband’s estate for continued payments of support and maintenance was predicated upon a separate agreement existing dehors the judgment of separation or divorce. (Murray v. Murray, 278 App. Div. 183, 189; Matter of Herb, 163 Misc. 441; *721 Barnes v. Klug, supra; Matter of Grimley, supra; Matter of Howe, 15 Misc 2d 1044, affd. 8 A D 2d 720; Goldfish v. Goldfish, 193 App. Div. 686, affd. 230 N. Y. 606.)
It does not matter whether such agreement is evidenced by a formal agreement or by a stipulation entered into between the parties. What does matter is that the agreement whether by way of formal document or stipulation contains language that imposes a contractual obligation upon the husband and his estate to continue the payments during the wife’s lifetime.
The court is not of the opinion that the stipulation dictated upon the record reflecting the agreement between the parties as to the amount of the alimony payments constituted a separate agreement for support and maintenance. However, even assuming for the purposes of argument that such stipulation did constitute a separate agreement for support and maintenance and assuming further that the agreement did not merge with the separation decree, there is still nothing in the agreement that imposes a contractual obligation upon the decedent’s estate which requires his estate to continue the payments therein provided for after his death. The attempt to infer that the attorney’s consent to the form and entry of the judgment constitutes an incorporation of the so-called true agreement between the parties into the separation decree cannot be sustained and is not borne out by the facts.
Alimony is fixed and based upon earning capacity and as stated in Wilson v. Hinman (supra, p. 412),“ An allowance of an amount, Avhich it would be entirely just that a man should pay during his life to the wife whom his misconduct has compelled to seek a divorce, might be grossly extravagant if imposed as a charge upon his estate after his death and very unjust to other claimants on his property.”
In addition, it is significant to this court that the decedent herein recognized his continuing obligation to the wife insofar as his estate was concerned. When he drew his will in July of 1957, some five months after the entry of the judgment of separation, he specifically made provision for his wife in accordance with the requirements of section 18 of the Decedent Estate Law and it can be seen from a reading of the will' that the primary object of his bounty was his infant son Perry, the issue of his marriage to the petitioner herein. Under these circumstances, it is difficult to believe that it was the intent of the parties to bind this decedent’s estate beyond his lifetime or that any agreement was reached between the decedent and his wife which would bind his estate to an obligation the size of *722 which could not even be foreseen and which might make her a preferred creditor entitled to all of the assets of his estate even to the exclusion of his son.
The motion for summary judgment to compel payment of the petitioner’s claim is therefore denied and the cross motion for summary judgment dismissing the petitioner’s claim is granted. Submit orders on notice accordingly.