William J. Regan, S.
The judicial settlement of the executors’ accounts concerns, among other things, the retention of a fund as security for the payment of the continuing and unliquidated claim of Mary H. Phillippi for periodic alimony and payment thereof from time to time in the future.
There are numerous precedents which hold that language in separation agreements providing for support of a wife during her lifetime will entitle her to have a reserve fund established to provide for such payments after the husband’s death, even though the agreement does not expressly provide that the specified payments were to continue after the husband’s death. (Matter of Howe, 15 Misc 2d 1044.)
In the case before us there is no question as to the continuance of the claim pursuant to the agreement dated May 14, 1934 between decedent and Mary II. Phillippi, then his wife, which provided: ‘1 fourth : The Husband, in order to provide for the support and maintenance of the wife in the event that he should predecease her, hereby charges his estate, consisting of all of his property, real and personal and mixed and his heirs, executors, administrators and assigns with the payment to her of the sum of three thousand six hundred dollars ($3,600.00) per annum payable in equal monthly installments in advance on the 1st day of each and every month so long as *287 she lives, provided however, that in the event that the wife should remarry such payments shall be reduced to the sum of one hundred twenty-five dollars ($125.00) per month, payable in advance on the 1st day of each and every month, and this charge shall be a first and prior charge and lien over all of his bequests, legacies in any last Will and Testament and over all gifts and transfers he may make prior to death, designated or having the effect of defeating this charge. The Husband reserves the right to provide for such support and maintenance of the wife after his decease, by establishing an adequate trust fund in her behalf either while living or by the provisions of his last Will and Testament, which shall yield an income to her of at least three thousand and six hundred dollars ($3,600.00) per annum (and/or one thousand five hundred dollars ($1,500.00) per annum in case of her remarriage) and such provisions having been made and communicated to the wife, the remainder of his estate shall be free from the lien of the charge herein provided.”
The only question then to be determined is the amount in which such reserve shall be established.
It should be noted that claimant is 78 years of age and in good health.
Life expectancy, as computed in various mortality tables, indicates that claimant’s life expectancy would be less than six years, although there are differences among the tables. Such tables are computed by actuaries based on mortality rates and serve an excellent purpose in establishing “ average ” life expectancies in a large number of cases.
In this case the court feels it should not be bound to a strict application of these tables, but is of the opinion that it would be wiser to err by allowing too large a reserve fund than one too small. (Matter of Reid, 165 Misc. 207: Matter of Grimley, 200 Misc. 901.)
Therefore, after due deliberation, the court determines that the principal sum of $50,000 (which sum should make payments available for approximately three times claimant’s life expectancy as indicated by mortality tables) should be retained by John' H. Phillippi and Arthur E. Otten, as executors, as security for the payment of the aforesaid claim, and pay therefrom and from the income received thereon, to the said Mary H. Phillippi, the sum of $300 a month, beginning as of March 1, 1964, as long as she lives, except that in the event of her remarriage the amount of each monthly payment made after such marriage shall be reduced to the sum of $125 a month, and that the net income received upon the said sum so retained *288 shall be first applied to such payments, before applying any part of the principal thereto, and that so much of the sum so retained, and income received thereon, as may remain after making the payments hereinabove directed, shall be distributed to the persons entitled thereto, according to law.