In the Matter of the Accounting of MARGARET MACFARLANE et al., as Executors of JOHN G. GRIMLEY, Deceased.

Surrogate's Court, New York County, January 9, 1952.

*Joseph E. Keenan* for executrix, petitioner.

*Walter A. Donnelly* for Mary C. Grimley, respondent.

*Leo E. Berson* for Margaret McNulty, respondent.

*Sidney I. Laitman* for Mary Breheny, respondent.

*Hutton & Holahan* for Albert Hutton and another, respondents.

FRANKENTHALER, S. Upon the agreed facts contained in the stipulation dated October 25, 1951, between the attorney for the executors appearing herein and the attorney for objectant, Mary C. Grimley, the court holds that funds of the general estate in the amount of $8,856.09 and the recoverable amount of the deposit made with the city treasurer as final distribution payment of certificate No. 280 of Lawyers Title Corporation are to be treated as an additional part of the escrow fund and are to be administered as part of the escrow fund in accordance with the prior decision of the court. (*Matter of Grimley,* 200 Misc. 901.) The payments to deceased by the trustees of the certificated mortgages were made under the mistaken belief that deceased was entitled thereto. Deceased's acceptance and retention of the payments were in violation of the escrow agreement and resulted in his unjust enrichment. (*MacMurray* v. *City of Long Beach,* 292 N. Y. 286, 291.) " Independent of any statute, form of action or legal nomenclature, the obligation to do justice rests upon all persons, natural or artificial, and the law will compel restitution from a person who obtains money or property from another fraudulently, unjustly, or without authority." (*Pink* v. *Title Guar. & Trust Co.,* 274 N. Y. 167, 173.)

The rejected claim of Albert Hutton is allowed in the amount of $200.

Submit decree on notice settling the account in accordance with this and the prior decision of the court.