In the Matter of the Accounting of MARGARET MACFARLANE et al., As Executors of JOHN G. GRIMLEY, Deceased.

Surrogate's Court, New York County, April 18, 1952.

*Joseph E. Keenan* for executrix, petitioner.

*Walter A. Donnelly* for Mary C. Grimley, respondent.

*Leo E. Berson* for Margaret McNulty, respondent.

*Sidney I. Laitman* for Mary Breheny, respondent.

*Hutton & Holahan* for Albert Hutton and another, respondents.

FRANKENTHALER, S. In prior decisions in this estate (200 Misc. 901, 201 Misc. 1107) the court held that the testator had contracted to pay his wife the sum of $50 weekly for her lifetime; that the testator had created an escrow fund to provide, so far as the extent of the fund permitted, the payments under the contract and payment of the widow's interest in the estate; that, in order to assure payment of the obligation to the widow under the contract, it is necessary to reserve the net estate remaining after delivery of specific legacies and disposition of

the escrow fund and that the widow had a limited right, under section 18 of the Decedent Estate Law, to elect against the provisions of the will.

The contract entitling the widow to weekly payments makes her a creditor of the estate, and until the full extent of the estate's obligation to her, as a creditor, has been determined, it will not be possible to compute the amount of her intestate share under section 18 of the Decedent Estate Law. The widow is a legatee under the will as it was written by the testator and her exercise of the right of election, in effect, makes her a legatee of additional benefits, the amount of which cannot now be ascertained. That computation cannot be made during the widow's lifetime since the amount of the net estate cannot be fixed until her death. The reservation of substantially the entire net estate for protection of the widow, as a creditor, prevents any payment at this time from the general estate, as distinguished from the escrow fund, to the widow as a legatee or to any other person as a legatee. There will be available to legatees only so much of the reserved fund as shall not be consumed by the weekly payments to the widow during her life.

It has been held herein that one purpose of the escrow fund was to secure payment to the widow of her interests in the estate as legatee and surviving spouse and that the escrow agreement grants the widow a preferred position over other legatees. Because of the preferred position of the widow, employment of the escrow fund at this time to pay the bequests to her under the will cannot be objected to by another legatee. Equities between creditors are not involved since the widow herself will be the only unsatisfied creditor. Accordingly the decree will provide for payment to the widow of her $2,500 general legacy less the sum of $500 which she committed herself to pay to an objectant in the probate proceeding.

It is appropriate to comment, in amplification of the initial decision herein, that, although it would appear from the face of the will that it fails to provide the widow an intestate share in conformity with section 18 of the Decedent Estate Law and thus the will seemingly permits the widow a right to elect against its terms, there is the possibility that a diminution of the estate assets through the weekly payments to the widow may deprive her of the elective right. If the weekly payments shall exhaust the reserved fund there will be no net estate remaining and obviously no right of election. The possibility also exists that the widow may be deprived of an elective right by reason of the terms of the escrow agreement which grants the widow

the right to preferential payment of the testamentary benefits to her. If the estate -shall become diminished by the weekly payments to the widow as a creditor to the point where the widow as a preferred legatee will receive the equivalent of her intestate share, she of course will have no basis to claim further benefits by operation of section 18 of the Decedent Estate Law.

Any payment to the widow in addition to the general legacy now cannot be made from the escrow fund for the sole reason that it is not possible at this time to calculate the extent of other benefits under the will. The value of the testamentary trust of one third of the net estate cannot be computed until the satisfaction of the creditor's claim leaves a net estate in the hands of the executors.

Costs and disbursements have been taxed. The decree submitted for signature does not embody the foregoing rulings and consequently a corrected decree is to be submitted on notice. The court has indicated informally on the heretofore proposed decree certain matter that should be omitted as improper or unnecessary.

Proceed accordingly.