Stevenson *vs.* Weisser.

*In the matter of the Estate of* W. Weisser, *deceased.*

A JUDGMENT against the deceased in a Justice's Court, not having been docketed in his life-time, has no priority of payment over other debts.

J. D. STEVENSON, *in person.*
M. PORTER, *for Administrator.*

THE SURROGATE. The petitioner, James D. Stevenson, recovered against the deceased in his life-time, a judgment in one of the Assistant Justice's Courts of this city, and now claims payment in preference to simple contract creditors. Our statutes give such a priority to "judgments docketed, and decrees enrolled." (2 *R. S.,* 3*d ed., p.* 151, § 29.) This provision, as reported by the Revisers, gave the preference to "judgments and decrees against the deceased according to the priority thereof respectively," and the Legislature added the words "docketed" and "enrolled." (3 *R. S.,* 2*d ed., p.* 641, *Revisers' Notes ; Ainslie* vs. *Radcliff,* 7 *Paige,* 446.) This legislation, so far as legal assets were concerned, was, in regard to judgments, nothing more than the enactment of the Common Law

rule, except in relation to the respective priority of judgments, and the necessity of their being docketed. At Common Law, all judgments were entitled to this precedence, even those of the lowest Courts of Record,[*] on the ground that they were superior in rank to specialty and simple contract debts. (*Toller*, 263 ; *Wms. Exec's*, 856,) By the 4 & 5, *Wm. & M.*, *c.* 20, § 3, *and* 7 & 8 *Wm. III.*, *c.* 36, it was enacted that judgments should not have any preference against "heirs, executors, or administrators," unless "*docketed* and entered in the books kept for that purpose, according to that act." Under this act, it has been held, both at law and in equity, that a judgment not docketed has no priority over simple contract debts. (6 *Term R.*, 384 ; 3 *B. & Adol.*, 655 ; 3 *Russ. Ch. Cas.*, 349 ; 1 *Sim.*, 485.) It may be remarked, however, that the act did not extend to the judgments of inferior Courts of Record, and it has been repealed by 2 *Vict.*, *c.* 11.

Our statute following the rule of the Common Law and the act of William & Mary, gives precedence only to judgments "*docketed.*" A docket is a brief writing or statement of a judgment made from the record or roll, generally kept in books alphabetically arranged (*Bouvier*, *Tomlins,—Graham's Pr.*, 341), with the Clerk of the Court, or the County Clerk. (2 *R. S.*, *3d ed.*, *pp.* 456, 457, 460.) A transcript of a Justice's judgment may be filed with the County Clerk, and the judgment docketed. (2 *R. S.*, *p.* 344, § 127 ; *Code*, §§ 63, 68.) Under these provisions, I do not suppose that to entitle a judgment against a deceased person to priority, it is necessary it should be the judgment of a Court of Record. The statute gives such preference to all "judgments" (1 *Binney*, 221), provided they are docketed, but they must be docketed in the life-time of the deceased, in order to entitle them to precedence, over other debts. The whole matter of preference as to claims against

---

[*] The lowest Court of Justice, the Court of Pie Poudre, was a Court of Record (*Bacon Ab. Courts*), and its judgments had preference. (2 *Vernon*, 89.)

the estate of a deceased person, is now settled by our statute law, and the debt which does not at the time of his death stand in the first, second, or third class of claims, must take its place in the fourth class among the general demands against the estate. The Chancellor in *Ainslie* vs. *Radcliff*, 7 *Paige*, 447, understood the word "enrolled" to have been added after "decree" "for the purpose of excluding decrees which were not final and perfected at the death of the decedent." In consonance with the same idea, I think it impossible for a creditor under a Justice's judgment, not docketed at the time of the debtor's decease, to gain a priority which he did not have at that time, by subsequently docketing his judgment. But that point does not arise in this case, the judgment in question never having been docketed, and not being therefore in a position to claim the advantage secured by the statute only to judgments which have been docketed.