# MEMORANDA

### In the Matter of the Estate of THOMAS BELL, Deceased.

Surrogate's Court, New York County, June, 1923.

*Executors and administrators — claims against estate — foreign divorce — reduction of alimony by agreement — payment of alimony terminated by death of husband.*

CLAIM against an estate.

*Holmes, Rogers & Carpenter (Charles P. Rogers,* of counsel), for Grace S. Bell, claimant.

*Shellabarger & Donovan,* for administrator.

*Clark, Carr & Ellis,* for Joseph F. Mann.

FOLEY, S. The widow of the decedent has filed a claim against the estate for the sum of $3,812.24, which is the difference between the sum of $40 a week fixed as alimony in a separation agreement, subsequently incorporated in a decree of divorce granted in the state of Nevada, and the reduced amounts paid to her under the circumstances hereinafter set forth. She makes further claim for the continuation of this alimony after the death of decedent. Both claims are disallowed. The original separation agreement between the parties provided " that in the event a decree of divorce shall be hereafter entered between either of the parties hereto that the provisions of this agreement may be carried into said decree." There was also assigned to her, in pursuance of this agreement, a policy of $10,000 on the life of the husband. The decree of divorce ratified this agreement. Subsequent to the decree, the husband was adjudged an incompetent, and a committee of his property was appointed by the Supreme Court of New York. The committee applied to the Supreme Court for a reduction of alimony, because of the reduced financial circumstances of the husband, and an order was made upon the formal consent and waiver of the wife, reducing the alimony to $100 per month. Thereafter a second application by the committee for reduction was contemplated, but was rendered unnecessary by the agreement of the wife to accept the sum of $12.50 per week. Ample consideration appears for this agreement in view of the reduced income of the incompetent. In addition,

the prior consent of the wife to accept $100 per month reserved the right of the committee to apply for a modification of that amount. Neither the decree nor the order referred to above was appealed from and no claim of fraud, duress or lack of jurisdiction is made by the wife. The various modifications were acquiesced in by the wife, she received the proper installments paid to her by the committee without protest, and her claim for the surplus is without foundation. It appears that a similar claim was made by the wife against the committee upon its final accounting, and was disallowed by the referee. While his determination may be *res adjudicata*, I prefer to dispose of the issues here upon the merits.

The remaining claim of the widow for alimony after death must be disallowed. The terms of the separation agreement embodied in the decree clearly limited the payments to the lifetime of the husband and did not bind his estate. *Wilson* v. *Hinman*, 182 N. Y. 408. The provisions in the agreement for the assignment of an insurance policy to the wife plainly contemplated the termination of the agreement by the husband's death and made provision for her support upon that event. The foregoing disposition makes unnecessary any consideration of the remaining objections, for the objectant has no status as a person interested in this proceeding.

Subject decree accordingly.

Decreed accordingly.