In the Matter of the Estate of CURTIS C. JOHNSON, Deceased.

Surrogate's Court, Erie County, July 23, 1945.

*John F. Connelly* and *Harry D. Sanders* for Myra J. Carry, as guardian of Curtis C. Johnson, Jr., and another, infants, claimant.

*E. C. Schlenker* for executor.

VANDERMEULEN, S. In February, 1944, Myra Johnson (now Carry) commenced an action for divorce in the Supreme Court of New York State against the decedent. Prior to the submission of proof in that action, the parties, through counsel, entered into a stipulation providing for a lump sum payment of $5,000 by the deceased to Myra J. Carry in lieu of alimony and counsel fees, for the releases of her dower rights in any of his property, and that the decision and judgment of the divorce action should contain a provision that the defendant pay to the plaintiff the sum of $150 monthly for the support and maintenance of two infant children, issue of the marriage. The payment was to be reduced by $75 as each of the children became of age. The stipulation and agreement was conditioned upon the submission to and approval of the court and the granting of a decree of divorce with provisions in conformity therewith.

The referee appointed to hear and determine the issues in the divorce action reviewed the stipulation, found the same to be fair and reasonable and incorporated it in his findings of fact and conclusions of law. The subsequent judgment makes provision for the custody, support and maintenance of the children, as stipulated.

Myra J. Carry, as general guardian of the two children, now makes claim against this estate for the sum of $75 per month for each child from January 1, 1945, to the date each becomes of age, upon the ground that the stipulation was in effect an agreement and is enforcible as such.

Did the obligation relating to the support and maintenance of the children, created by the agreement and incorporated in the judgment of divorce, cease with the death of the decedent (defendant) or is the agreement to be considered a separate one, enforcible and binding upon the estate of the decedent?

It is to be conceded that a separate agreement could be made

by the parties relative to the support and maintenance of the children. (*Goldman* v. *Goldman*, 282 N. Y. 296; *Babcock* v. *Babcock*, 147 Misc. 900, affd. 239 App. Div. 884, appeal dismissed 263 N. Y. 665.) But the very recital in the stipulation and agreement, namely: " and to fix the amount to be paid by the defendant and plaintiff for the support and maintenance of their infant children and to relieve the Court of taking testimony as to alimony and making a specific finding in relation thereto " negates the contention of a separate agreement. Furthermore it is to be noted that while there is no mention in the judgment concerning the support of the wife and future payments of alimony and counsel fees, it did provide as follows: " ORDERED, ADJUDGED AND DECREED that the defendant shall pay to the plaintiff the sum of One Hundred Fifty Dollars ($150.00) monthly for the support and maintenance of Curtis Johnson and Myra K. Johnson, payable at the rate of Seventy-five Dollars ($75.00) on the 1st and 15th days respectively of each month, beginning March 1, 1944, until they reach the age of twenty-one years; that upon Curtis Johnson reaching the age of twenty-one years, the amount which the defendant shall pay for the support and maintenance of Myra K. Johnson shall be the sum of Seventy-five Dollars ($75.00) per month, payable at the rate of Thirty-seven and 50/100 Dollars ($37.50) on the 1st and 15th days of each month, until she reaches the age of twenty-one years."

All of the portion of the stipulation and agreement was completely executed as of the entry of the decree of divorce except the provision for the custody and support of the infant issue of the marriage. The purpose of that part of the agreement was effectuated and merged in the decree.

" Where there is an intention to merge the agreement as to alimony in the decree and the decree embodies the agreement as to alimony, no right to enforce the alimony provisions of the agreement survives the decree." (*Jaeckel* v. *Jaeckel*, 179 Misc. 994, 997; *Kunker* v. *Kunker*, 230 App. Div. 641.)

The word " alimony " in its broad sense means also an award made for the support of the children. (*Schafer* v. *Schafer*, 118 Misc. 254, 255.) And it has been firmly established in this State that an award of alimony does not survive death. (See *Wilson* v. *Hinman*, 182 N. Y. 408.)

If it was intended that the portion of the agreement relative to the support of the children should remain effective after the death of the decedent, it should have been so stated in the agreement.

I hold that the provision in the divorce decree relating to the custody and maintenance of the children of the decedent herein did not survive the death of the testator.

Submit decree disallowing the claims.