In the Matter of the Estate of CURTIS C. JOHNSON, Deceased. MYRA J. CARRY, as General Guardian of CURTIS C JOHNSON, JR., et al., Infants, Appellant; HAROLD B. JOHNSON, as Executor of CURTIS C. JOHNSON, Deceased, Respondent.— Decree affirmed, without costs of this appeal to any party. All concur, except Dowling and McCurn, JJ., who dissent and vote for reversal and for allowance of the claims as presented, in the following memorandum: The right of the infants to present and to prosecute the claims in question has not been challenged. (*Kendall* v. *Kendall*, 200 App. Div. 702, 704.) By failing to move for a dismissal of the claims on that ground, the objection has been waived. (Civ. Prac. Act, § 278.) After Mrs. Johnson (now Carry) sued her husband, Dr. Johnson, for an absolute divorce, and before the trial of that action, they entered into a written agreement settling their property rights and fixing the amount to be paid to Mrs. Johnson in lieu of alimony and counsel fees and for the payment to Mrs. Johnson of $75 per month for the support of each of their two infant children until each should reach the age of twenty-one years. The agreement also provided that Mrs. Johnson should have the sole custody of the children. The agreement further provided that the judgment, if one were granted, to Mrs. Johnson, should contain no provision for alimony. Mrs. Johnson procured a judgment of absolute divorce. The judgment provided that no award of alimony be made to the plaintiff. The agreement was not offered or received in evidence on the trial. The judgment contained a provision for the payment of the monthly allowances to

Mrs. Johnson for the support of the children until each reached his or her majority. The payment of the $150 per month to Mrs. Johnson was not alimony but was to recompense her for the support of the children and it was an inseparable part of the property settlement and was so understood by the parties to the agreement. (*Yates* v. *Yates*, 183 Misc. 934, 937.) The settlement agreement did not merge in the judgment of divorce and the parties were careful that it did not so merge. The settlement agreement did not provide that it was to be binding on the personal representatives of Dr. Johnson but. the clear intention was that it should bind his personal representatives and this is sufficient. (*Kernochan* v. *Murray*, 111 N. Y. 306, 308.) The claims here were based on the settlement agreement and not on the judgment. The judgment does not relieve the respondent from the obligations assumed in that agreement. (*Goldman* v. *Goldman*, 282 N. Y. 296, 305.) (The decree dismisses a claim against an estate for payments to become due for the support of children of decedent until they become of age.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [185 Misc. 352.]