In the Matter of the Estate of EUGENE H. BREAZNELL, Deceased.

Surrogate's Court, Westchester County, April 30, 1962.

*Shearman & Sterling* for petitioners. *William Burke Lewis* for respondent. *Richard C. Ross,* as special guardian.

HARRY G. HERMAN, S. The report of the special guardian in this accounting proceeding raises an issue as to the liability of the estate of decedent to continue payments for the support of a minor son under a separation agreement made in September, 1950. The special guardian contends that the husband's liability for the support of his minor child survived his death and will continue until such child attains his majority.

Decedent died intestate survived by a widow and two children by a prior marriage, one of whom was a minor. By paragraph "FOURTH" of the separation agreement decedent agreed to pay a certain sum weekly for the support of each of his two children until each had attained majority. The agreement further provided that if the husband should lose the position which he then held with a designated bank the provisions of paragraph "FOURTH" would cease to be operative and the husband would then make reasonable and proper provision for the support of his children, and if he and his wife were unable to agree, the amount of such support payments would be subject to fixation by a court of competent jurisdiction. The provisions of the agreement were expressly made binding upon the heirs, administrators and assigns of the parties to the agreement.

A judgment or decree in an action for divorce or separation cannot provide for the payment of alimony beyond the lifetime of the husband. (*Wilson* v. *Hinman,* 182 N. Y. 408; *Cooke* v. *Cooke,* 2 A D 2d 128.) Any such liability continuing beyond the lifetime of the husband has been based upon a separation agreement existing independently of the judgment of separation or divorce. (*Matter of Murray.* 278 App. Div. 183; *Matter of Herb,* 163 Misc. 441; *Matter of Bernstein,* 25 Misc 2d 717.)

The provision that the " terms, conditions and covenants of this agreement shall inure to the benefit of and be binding upon the heirs, administrators and assigns of the parties hereto " is some indication of an intention to subject the estate of a husband to liability for the support of his children during minority. However, the liability for payment at the agreed rate was not to survive the loss of the position which the husband then held. Clearly, the current earnings of the husband were an important factor in fixing the rate of support since payments at the agreed rate were to continue only so long as he retained the position which he then held in the bank in which he was then employed.

An agreement for the support of a child is treated for most purposes as an agreement for the payment of alimony (*Matter of Johnson,* 185 Misc. 352, affd. 270 App. Div. 793, affd. 295 N. Y. 857), although provisions of an agreement for support will survive the death of the person liable if such was the intention of the parties (*Galusha* v. *Galusha,* 116 N. Y. 635). However, provisions for support in a separation agreement will not survive the death of the husband where such payments are contingent upon the continuance of his employment or based upon his earning capacity, since such a provision contemplates payment out of current earnings which would cease upon his death (*Matter of Johnson, supra; Matter of Bernstein, supra*). It clearly appears that the provision for the support of decedent's minor child was based upon his current earnings and continued employment. The court determines that it was not the intention of the parties to the agreement that the husband's liability for the support of his minor child should continue after the death of the husband.

The decedent having died intestate, survived by a widow and two children, one third of the net estate will become distributable to such minor child. It follows that if the asserted claim were allowed the minor child would be supported at the expense of the widow and daughter of decedent and that their distributive shares would be diminished accordingly. It is unlikely that decedent contemplated that upon his death his distributees would share in his estate otherwise than equally or that the shares of his wife and daughter would be diminished by the amount which would be required to support his minor child.