John D. Bennett, S.
This is a proceeding for judicial settlement of the account of the sole surviving executrix and for the fixing of attorneys’ fees and disbursements.
An objection is made to this accounting by the executor of the estate of the late widow of the decedent, claiming her exemption of $1,000 under subdivision 4 of section 200 of the Surrogate’s Court Act. The basis for refusing to pay the exemption is an agreement between decedent and his wife dated the same day as his last will and testament. In that agreement each waived their right of election. The agreement also stated, “ That the parties hereto, by their respective Last Wills and Testaments, may make any disposition of their real and personal property as he or she deems fit ”. The question now presented is did the wife waive her right to her exemption under this agreement.
In order to deny the exemption there must be a valid consent, release, waiver or estoppel. It must be clearly indicated that a relinquishment of the exemption is intended under the circum *969 stances. A waiver of the right of election in and of itself does not necessarily imply such intent (Matter of Driscoll, 12 Misc 2d 427; Matter of Sommers, 200 Misc. 1013).
The court holds that the language of the agreement is not specific enough to bar recovery of the exemption on behalf of the widow and that her estate is now entitled to her exemption in the sum of $1,000, to which she was entitled immediately upon the death of the decedent.
Attorneys ’ fees and disbursements are allowed in the amounts requested.
Settle decree on five days’ notice.