William J. Regan, S.
In this judicial settlement proceeding decedent’s widow claims she is entitled under a separation agreement to continuation of support payments during her life and also that she did not relinquish her family rights under the agreement as surviving spouse under EPTL 5-3.1. Opposing counsel rest on the terms and the issues are submitted solely as questions of law.
Following their marriage in 1961 the parties entered into a written separation agreement dated November 26,1966. Decedent died March 4,1969 and left his estate under his probated will exclusively to his children with no provision for the widow who waived her right of election under the separation agreement. According to the final account there is approximately $3,500 available for distribution subject, however, to a request for an allowance for counsel fees.
*71 As to the claim for support payments the separation agreement provides as follows: “ 3. The husband, agrees to pay to the wife the sum of $50.00 per week for her maintenance and support, said sum to be payable weekly in advance.”
Whether the weekly payments survive or terminate at the husband’s death depends upon whatever agreement the parties make and this can be determined only from a reading of all the terms. (Wilson v. Hinman, 182 N. Y. 408; Lepsch v. Lepsch, 275 App. Div. 412.) Here the provision is totally silent as to duration of payment. Had the parties so intended, it would have been a relatively simple matter to spell out a post-mortem obligation simply by stating that payments were to continue during the wife’s life and to survive the husband’s death. (Matter of Burridge, 261 N. Y. 225; Barnes v. Klug, 129 App. Div. 192; Matter of Fuller, 151 Misc. 387, affd. 242 App. Div. 623; Matter of Golding, 127 Misc. 821; Matter of Herb, 163 Misc. 441.)
The provision making the agreement binding upon the fiduciaries of a deceased party, standing alone, is not necessarily" determinative. Such a provision could equally apply to the husband’s promise under this agreement to deed out his interest in certain real property or to enforce the mutual releases of claims and rights of election elsewhere provided in the agreement. Presumably it could also become important in case any arrearage existed at the death of the husband. (Cf. Matter of Barratta, 199 Misc. 246; Matter of Junge, 125 Misc. 707.)
The court cannot hold as a matter of law that the separation agreement spells out a continuing obligation of decedent’s estate to make support payments to the widow during her life. ■ Accordingly, the "claim is dismissed.
The widow’s claim for her family rights as surviving spouse under EPTL 5-3.1 is opposed on the ground that she waived such rights under the separation agreement. EPTL 5-3.1 states: 11 (a) If a person dies, leaving a surviving spouse or minor children, the following items of property are not assets of the estate but vest in, and shall be set off to such surviving spouse ”.
Title to the exempted articles specified in the subdivisions of the above statute vests immediately in the statutory beneficiaries and are not considered part of the estate of the decedent. There must be a valid, definite release, consent or waiver by a spouse to deny the exemptions afforded by EPTL 5-3.1 and there must be a clear indication that a relinquishment of the spouse’s exemption was intended. (Matter of Kessler, 18 Misc 2d 968; Matter of Driscoll, 12 Misc 2d 427.)
*72 Generally speaking separation agreements will not be interpreted to relinquish rights beyond those expressed. (Matter of Colaci, 288 N. Y. 158; Matter of Laney, 274 App. Div. 250, affd. 298 N. Y. 834; Matter of Rosenbaum, 27 Misc 2d 492, affd. 13 A D 2d 745.)
It is evident that each case must be separately studied and the specific language used must be carefully considered. It is possible that a widow may waive or forego her rights to the exemptions but such must be the clear intention. (Matter of Burridge, 261 N. Y. 225, supra; Matter of Eisner, 15 Misc 2d 361.)
In the case before us the court is of the opinion that there is nothing in the separation agreement which, as a matter of law bars the widow from claiming her rights to the exemptions.
Let the decree of judicial settlement embrace this decision.