William J. Regan, S.
This proceeding was brought on for a hearing by the petitioners on August 3, 1973. It appears that the deceased George L. Kaltsounis, died on the 30th day of March, 1973, leaving him surviving his widow, Clara Sue Kaltsounis, and one child, Georgina Marie Kaltsounis, also known as Gina Kaltsounis, an infant over 14 years of age. Donald J. Holzman, attorney, has been appointed guardian ad litem to protect the interests of said infant. The last will and testament of the deceased was duly admitted to probate in this court on May 7, 1973 and letters testamentary issued to David George Wester velt and Dianna Georgia Wester velt.
Upon the hearing herein, it appears that a separation ágreement was executed by the deceased and his wife on or about December 4,1970, after the said deceased and his wife had lived separate and apart for approximately 14 years. On March 30, 1973, the testator, George L. Kaltsounis, was killed in an automobile accident on the New York State Thruway. Subsequent to that date and on July 19, 1973, the widow of the deceased assigned all right, title and interest which she might have to any exempt property in this estate to her daughter, Gina Kaltsounis. It was brought out during the hearing that the automobile in which the deceased was riding was completely demolished and cash proceeds of $2,600 to compensate for the loss by reason of an automobile collision policy have been received by the estate. The issues that have been presented for decision by this court are as follows:
(1) Are the automobile collision insurance proceeds on the decedent’s demolished car to be considered exempt property under EPTL 5-3.1! f
(2) Are child support obligations of a decedent husband contained in a written separation agreement enforceable against his estate!
Other problems that were discussed at the time of the hearing on August 3, 1973, were for all intents and purposes resolved at that time or between the parties since that time except the problem of exempt personal property which is hereinafter referred to.
As concerns the issue of the insurance proceeds on the automobile, it is obvious from this court’s own experience and after reading the briefs of the parties hereto that this is a case of first impression. There appears to be no specific law in this area. The respondents very properly state that the rides of ademption *547 do not apply to exempt property. The statute governing ademption clearly sets forth those situations where ademption does apply. The respondent executors contend that the court will, where possible, protect the intent of the testator by payment of the value of specifically bequeathed property from the proceeds of insurance collected by the estate for the loss of the specifically devised property or the destruction thereof. This, of course, is true. There appears to be no reason, however, in this court’s opinion, why similar reasoning might not be applied to exempt property. Considering the legislative intent concerning specifically devised personalty and the attempt of the court to comply with the wishes of the testator, is it not feasible to assume that under circumstances such as these that the entire car or its equivalent was intended to pass as exempt property and not as a worthless piece of metal? It is, in the opinion of this court, reasonable to assume that any individual who survives an automobile accident has every intention of repairing or replacing his damaged vehicle so as to have at his disposal a vehicle of the same type as he was accustomed to. This is particularly so where insurance coverage is readily available. The accident of death should not lessen the logic or reasoning that the unpaid proceeds should be attached to and become párt and parcel of the exempt automobile. It is fallacious to conclude that such payment defeats the testator’s wishes. Certainly, the purpose of collision insurance is not to build up an estate and has nothing to do with a person’s estate as such. Nor is the purpose of an exemption based solely on need as inferred by the executors. Exemptions are granted even to the most wealthy of citizens.
As concerns whether or not the support obligations contained in a written separation agreement survived the death of the deceased, the wording of the agreement and the apparent intent of the deceased as can be gathered from a reading of the agreement in its entirety has been carefully considered. The pertinent section of the agreement in question provides as follows: “ 7. The husband is to pay the wife the sum of $200 per month as child support, to be paid on a monthly basis and the husband reserves the right to claim the child as an exemption on his income tax returns. The husband agrees to deposit annually in the child’s savings account five percent (5%) of his yearly basic salary increases, computed on a yearly basis.”
The agreement also provided: “ 23. This agreement shall inure to the benefit of and shall be binding upon the parties hereto, their heirs, executors, personal representatives, administrators and assigns.”
*548 The guardian for the infant contends the obligation to pay support survives the death of the decedent. The estate very simply argues that such obligation terminated with the death of the decedent. In addition to what is noted in paragraph 7 above, the separation agreement also provided that the testator pay premiums on certain medical and life insurance policies.
Mr, Holzman cites Matter of Chilson (28 A D 2d 766) and Matter of Van Arsdale (190 Misc. 968) in support of his argument. It is to be noted that the Van Arsdale case (Erie County, 1947) specifically embodied support for the daughter “ until said daughter shall attain the age of 21 years ”. The Chilson estate specifically provided for an obligation to pay a determined amount of money for a specific number of years. Those cases cited by the executor, in the opinion of this court, more closely approach the law to be applied in the situation at bar. Generally, speaking, an obligation such as is discussed herein will survive the death of the father or husband whatever the case may be but only in those cases where the agreement to support or to pay alimony is fixed upon a definite period of time or for a determined period of years. Where there is no such certainty contained in the agreement, then the obligation ceases at the time of death. A mere statement in a contractual agreement to the effect that the provisions therein are binding upon the parties, their heirs and so forth is not in and of itself sufficient to survive, the death of the contracting party, nor is the mere statement that periodic payments should be made for the “ life of the wife ” enough to bind the estate. (Cooke v. Cooke, 208 Misc. 591, affd. 2 A D 2d 128.) The two provisions together may very well manifest a clear intention to bind the estate. (Matter of Davis, 32 A D 2d 667.) In Matter of Davis, however, it is to be noted that a. specific period of time is indicated by the use of the wprds “ for life ”, which words, of course, do not appear in the ' separation agreement herein. This court has previously decided in Matter of Maslanka (63 Misc 2d 70, 71) on June 2, 1970, that where the husband agreed to pay the wife the sum of $50 per week for maintenance and support and so forth that “ Here the provision is totally silent as to duration of payment. Had the parties so intended, it would have been a relatively simple matter to spell out a post-mortem obligation simply by stating that payments were to continue during the wife’s life and to survive the husband’s death ”. (Matter of Burridge, 261 N. Y. 225.)
It is accordingly the decision of this court that the executors set apart and pay over to the infant, Gina Kaltsounis, the collision insurance proceeds in the sum of $2,600, as exempt prop *549 érty under EPTL 5-3.1; and it is the further decision of this court that the child support obligations contained in the written separation agreement between the testator and his wife, Clara Sue Kaltsounis, are not enforceable against this estate. The petition is dismissed as concerns that particular aspect of the proceeding.
The court, at the time of the hearing on August 3, 1973, directed that certain personal property, household furniture and so forth be turned over and delivered to the surviving minor child, and the executors, at that time, apparently acquiesced in the direction of the court. It appears now, however, that the executors have questioned the value of the personal property, household furniture and so forth in question and have questioned whether or not such items properly fall within the provisions of EPTL 5-3.1 (subd. [a], pars. [1], [2], [3]), and accordingly vested in the minor daughter at the decedent’s death.
It is the further direction of the court, therefore, that the order embracing this decision incorporate a direction that this matter be again placed on the General Calendar of this court at a time to be determined by the undersigned for the purpose of determining the status of the exempt items not otherwise decided herein.