Millard L. Midonick, S.
This is an application by the surviving spouse to determine the validity of her election against the will and to compel the executor to turn over exempt property to her. The remaining relief requested in the petition has been withdrawn by stipulation.
*642 Decedent made no provision for petitioner in Ms will, but stated that she was provided for by means of a separation agreement. The separation agreement was executed in 1970 in New Jersey while the parties resided in that State. Following execution of this agreement the parties took up separate residences in New York, and decedent died a domiciliary of this State. The agreement provides that it is in settlement of all questions relating to property rights and all other rights and obligations growing out of the marital relationship. Insofar as personal property is concerned, the agreement provides that the parties have divided same to their satisfaction and that: “ each party shall hereafter have sole and exclusive possession of all personal property and belongings including automobiles normally driven by each; the remainder to be divided among both parties on an equal basis. Henceforth and hereafter, each of the parties shall own, have and enjoy, independently of any claim or right of the other party, all the items of tangible personal property of every kind and description, wheresoever situated and howsoever acquired, which are now or hereafter owned and held by him or her, or which shall be independently acqmred after execution of this Agreement.” The agreement contains provisions obligating the decedent to make support payments to petitioner and provides that the “ wife shall have no future claim against the husband, his heirs, executors, administrators or assigns, except, as specified in the Agreement. All support payments due to the wife from the husband shall cease and terminate upon his death, and the wife shall have no claim whatsoever against the estate of the husband.” The parties further agreed in the writing to sell the real property held by them as tenants by the entirety and to divide the net proceeds equally. The agreement recites that it was made in New Jersey and “ shall be construed and performed in accordance with the laws of said State:”
The executor contends that this separation agreement amounts to a waiver by petitioner of her right of election.
The estate herein consists entirely of personal property and both petitioner and decedent were domiciled in New York at the time of decedent’s death. There is therefore no question but that the right of election and any waiver thereof are governed by New York law (EPTL 3-5.1). x_
Ordinarily and relying on the “ grouping of contacts theory ”, New York law would also be applied to construe the separation agreement. (See Matter of Clark, 21 N Y 2d 478; Matter of Bulova, 14 A D 2d 249.) The agreement involved herein, how *643 ever, states that it is to be construed under New Jersey law. There is thus a clear expression of intent that foreign law governs its interpretation and since the inclusion of this language was clearly not for the purpose of avoiding the New York statutory provision for the protection of the surviving spouse, the court must give effect to it. (Cf. Matter of Crichton, 20 N Y 2d 124,137.)
The question then is whether under New Jersey law the agreement amounts to a waiver or release of all rights in the estate of the husband and, if so, it would fit within the description of and amount to a waiver of the right of election pursuant to New York law (EPTL 5-1.1, subd. [f], par. [1]). (The agreement was signed and acknowledged in conformity with EPTL 5-1.1, subd. [f], par. [2].)
Under New Jersey law there is no right of election against a will as we have in New York. Upon the death of the husband a wife, however, has a dower right in all real property of which the husband was seized during coverture unless she has released her right of dower. (N. J. Stat, § 3A:35-1.) In New Jersey, postnuptial agreements between husband and wife for the release of dower are enforceable in equity if fair and equitable and sustained by an adequate consideration, and the wife’s consent has been understandingly given uninfluenced by fraud, deceit, oppression or duress. (Hampton v. Hampton Holding Co., 17 N. J. 431; Ireland v. Ireland, 43 N. J. Eq. 311.) The question of whether the agreement evidences the release of dower is ordinarily one of intention. (Hampton v. Hampton Holding Co. [supra].) There being no allegation in this case of inadequate consideration, want of understanding, fraud, deceit, oppression or duress, there is no question but that the separation agreement involved herein would be enforceable in New Jersey.
It appears from reading the separation agreement that petitioner intended to release any dower interest she may have had in the real property. Although the agreement does not specifically mention the word dower, it does provide for the immediate sale of the real property owned by the parties and for equal division of the proceeds. Any reference to dower therefore was unnecessary. This sale actually took place in June, 1971 in accord with the terms of the agreement. Insofar as New Jersey law is concerned, therefore, petitioner clearly intended to release any right she may have had in her husband’s estate. EPTL 5-1.1 (subd. [f], par. [1]) provides that u a waiver or release of all rights in the estate of the other spouse *644 is a waiver or release of a right of election against any such last will or testamentary provision.” The court is of the opinion that petitioner intended to waive all her rights in the decedent’s estate by means of the separation agreement and that under New York law this constitutes a waiver of the right of election.
With regard to petitioner’s claim for exempt property pursuant to EPTL 5-3.1, it is noted that the separation agreement explicitly refers to all property rights growing out of the marital relationship and provides for division of all personal property and that each would thereafter own any property, whether owned then or thereafter acquired, free of the claims of the other. It further provides for support of the petitioner and that petitioner shall have “ no claim whatsoever against the estate of the husband.” Under New Jersey law, the effect of these provisions was to release the husband from any claim against him or his estate. (John Hancock Mut. Life Ins. Co. v. Heidrick, 135 N. J. Eq. 326.) The claim for exempt property must therefore be denied.
Inasmuch as the court has disposed of this proceeding upon the merits, the motion and cross motion for summary judgment are deemed withdrawn.