OPINION OF THE COURT
W. Patrick Falvey, S.
Petitioner executor seeks final judicial settlement of his *857 accounts. All matters have been settled by stipulation, but one. Petitioner and decedent’s surviving spouse do not agree on the ownership status of a 1988 Chrysler New Yorker automobile, listed in schedule T of petitioner’s account. The vehicle’s title certificate reads, "DeRoo, Ralph; DeRoo, Shirley A., 131 West Lake Road, Branchport, New York”.
The parties have submitted stipulated facts concerning this vehicle. They agree that the surviving spouse and the decedent entered into a prenuptial agreement dated December 19, 1979, drawn by the decedent’s attorney. This agreement simply states:
"The parties intend to marry shortly. Each is possessed of property, the nature and extent of which has been fully disclosed to the other. Each has children by a former marriage.
"It is agreed as follows:
"1. Each party waives all statutory interests in the other’s estate in consideration of concurrently executing wills, of which two copies are hereto attached.
"2. Each shall otherwise have complete control of his or her own property.
"3. This agreement shall take effect upon the marriage being solemnized.”
The parties were married on December 22, 1979. In October of 1988 they purchased said vehicle for $12,650, each contributing $6,325 toward the purchase price.
Petitioner argues that the estate is entitled to one half the value of the car.
The surviving spouse argues that he and the decedent were owners of the car as joint tenants with right of survivorship and that EPTL 6-2.2 does not apply. In support of this contention, the husband points to Department of Motor Vehicles regulations which state that a jointly owned vehicle does not come under the EPTL and the surviving owner can dispose of the vehicle with no other papers (NY Dept Motor Vehicles, issuing office procedure, item 4645, Feb. 8, 1988, at 7). He further contends that he would be entitled to the vehicle by reason of the family exemption set forth in EPTL 5-3.1.
Review of EPTL 6-2.2 shows that a tenancy in common and not joint tenancy was created in the car when purchased. It is clear that a disposition of personal property to two or more persons whether married or not, always creates a ten *858 ancy in common, unless an intention to create a joint tenancy is clearly manifested. (See, 9A Rohan, NY Civ Prac ¶ 6-2.2 [2] [b].) Thus, at the time of the decedent’s death, each spouse owned a one-half interest in the car.
However, the law provides that certain property, including a motor vehicle, is exempted for the benefit of the family. (EPTL 5-3.1.) The items of property specified in this section are not assets of the estate but vest in, and are set off to the surviving spouse. (EPTL 5-3.1 [a].) Thus they never became a part of the decedent’s estate in the first instance. (9A Rohan, NY Civ Prac 5-3.1 [4].) Therefore, even though an interest in the 5-3.1 property has been created by statute, it is not an interest in the decedent’s estate.
The courts have narrowly interpreted antenuptial and separation agreements which make provisions in the event of the death of one spouse. There must be a clear intention to relinquish the exemption under EPTL 5-3.1 for the court to find any such waiver. (See, Matter of Bowen, 76 Misc 2d 641; Matter of Maslanka, 63 Misc 2d 70.)
The agreement at bar states, in part, "all statutory interests in the other’s estate” (emphasis added).
The court finds that the parties’ agreement did not specifically waive EPTL 5-3.1 family rights. Therefore, the surviving spouse is entitled to the decedent’s portion of the automobile since he already owned one half of it and the value of the decedent’s one-half interest does not exceed the $10,000 limit set forth in EPTL 5-3.1 (a) (4).