■ In the Matter of MARY V. L. DITO, Deceased. EDWARD P. DITO, Respondent; JOHN LUONGO, Appellant. [630 NYS2d 575] —In a proceeding pursuant to EPTL 5-3.1 by the surviving husband of the deceased to compel the executor to set apart and turn over exempt property to him, the executor appeals from an order of the Surrogate's Court, Rockland County (Weiner, S.), dated April 6, 1994, which granted the surviving husband's application.

Ordered that the order is affirmed, with costs, payable by the estate.

Prior to their marriage, the decedent and the petitioner executed an antenuptial agreement dated September 23, 1983. Following the decedent's death in 1992, the petitioner made an application to set apart and turn over exempt property pursuant to EPTL 5-3.1. The executor of the decedent's estate opposed the application on the ground that the petitioner waived such rights under the antenuptial agreement. The Surrogate's Court subsequently granted the petitioner's application for an exemption.

The courts have narrowly interpreted antenuptial and separation agreements which make provisions in the event of the death of one spouse (*Matter of De Roo*, 148 Misc 2d 856). A qualified beneficiary under EPTL 5-3.1 may not be deprived of the exemptions without valid consent, release, estoppel, or waiver. To estop a beneficiary otherwise qualified from claiming title and the right to possession, his prior consent to the surrender of his rights or a waiver thereof must be definite and clear (*see, Matter of De Roo, supra; see also, Matter of Maslanka*, 63 Misc 2d 70; *Matter of Kessler*, 18 Misc 2d 968; *Matter of Driscoll*, 12 Misc 2d 427, 429). Each case must be separately studied and the specific language used must be carefully considered (*see, Matter of Maslanka, supra*, at 71).

Upon our review of the antenuptial agreement, we agree with the Surrogate's conclusion that the parties did not specifically waive their family rights under EPTL 5-3.1.

The appellant's remaining contentions are without merit. Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.