■ In the Matter of the Accounting of GERTRUDE ELLEN CRANEY GERMANS, as Executrix of WOUTER F. GERMANS, Deceased. GERTRUDE ELLEN CRANEY GERMANS, Appellant. WOUTER F. GERMANS, JR., Respondent. [906 NYS2d 203]—

Order, Surrogate's Court, New York County (Kristin Booth

Glen, S.), entered on or about April 15, 2009, which, to the extent appealed from, denied petitioner executrix's motion for summary judgment dismissing certain objections to her account of the estate, and granted the objectant summary judgment on objections 1 (a), 1 (c), 3 (b), 4 (a), 5 (a), 8 (a) and 8 (c), unanimously affirmed, without costs.

Contrary to the executrix's argument, the negotiations between herself and the objectant in 2001 and 2002, as reflected in written correspondence between them, did not give rise to a binding agreement regarding the treatment of certain assets for estate accounting purposes. The tenor of the letters, and particularly of those of counsel for the objectant, established that the compromises discussed would be contingent upon an agreement as to a final accounting, with all rights reserved in the meanwhile, rather than demonstrating "mutual assent" to resolve the treatment of specified assets separately from the remainder of the estate accounting issues (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]). Thus, there was no binding stipulation of settlement between the parties.

As to the specific objections, while the executrix included the 1987 Volvo as an asset of the estate and charged the cost of repairs to the estate, she admitted at deposition that she made personal use of the vehicle. Thus, there was no clear and definite waiver of her right to the Volvo under EPTL 5-3.1 (*see Matter of Dito*, 218 AD2d 737 [1995]). The documents transferring the deed to the Amsterdam apartment and a formal opinion of Dutch counsel submitted by the objectant indicate that the executrix had no record interest in the apartment, and she submitted no evidence to raise an issue of fact as to her ownership interest. The shares of the Enterprise Group of Funds of MONY Equities Corporation were solely in the decedent's name and therefore belonged to the estate. Moreover, the executrix's distribution of the shares to herself for purposes of educating the decedent's and her son was improper, since the purported agreement that she claims provided for this distribution was not, as discussed, a binding agreement. Interest was properly imposed on the distribution that the executrix received from F&W Management Company, a business asset that was part of the estate, while failing to make an equal distribution to the objectant (*see Matter of Ricca*, 55 AD3d 838, 840 [2008]).

We have considered the executrix's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Andrias, Catterson, Renwick and Manzanet-Daniels, JJ.