■ In the Matter of ROSALIN E. MELNICK, Deceased. KEN MILLER et al., Appellants, v STEVEN MELNICK, Respondent, et al., Additional Objectants. [942 NYS2d 45]—

Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered October 28, 2011, which, to the extent appealed from as limited by the briefs, denied petitioners' motion for summary judgment seeking dismissal of the objections to probate filed by objectant, Steven Melnick, and for sanctions against objectant, unanimously affirmed, without costs.

The "plain language" of the release does not support petitioners' assertion of a waiver by objectant of his statutory right to file objections. Contrary to petitioners' contention, there is no evidence of a clear and unambiguous waiver of objectant's right to file objections to the propounded will, as is required to establish relinquishment of a legal right (*see Matter of Germans*, 74 AD3d 636, 637 [2010]; *Ring v Printmaking Workshop, Inc.*, 70 AD3d 480 [2010]). The language of the release clearly imposes two conditions on the release by using the word "if," meaning there is no release unless it is established that: (1) the propounded will is decedent's valid will; and (2) a valid will limits objectant's total inheritance to $35,000. The Surrogate correctly held that petitioners failed to establish that the first condition was satisfied, thereby warranting denial of their motion for summary judgment. Furthermore, the Surrogate correctly determined that even "assuming arguendo that there is here some ambiguity to be resolved," such ambiguity must be construed against the drafter, i.e., petitioners' counsel (*see Macquarie Holdings [USA] Inc. v Song*, 82 AD3d 566, 567 [2011]).

It is true that, assuming the propounded will is a valid will,

EPTL 2-1.5 would preclude objectant from sharing in the distribution of the estate, as the advancements he has already received from the decedent would equal decedent's bequest to objectant (EPTL 2-1.5 [c]). However, the question of whether the propounded will is valid is the very subject of this probate proceeding. Nothing in the statute mandates that by accepting an advancement, the legatee necessarily has relinquished his statutory right to file objections to a propounded will.

Petitioners' reliance on *Matter of Cook* (244 NY 63 [1926]) is misplaced. In that case, decedents' heirs and next of kin were not permitted to contest her will, as in connection with receiving advancements from the testator during her lifetime, they explicitly agreed in writing not to contest the will (*id.* at 66-67). Those agreements did not contain the conditional "if" language of the subject release, which, at the very least, created ambiguity regarding whether objectant agreed not to contest the propounded will on SCPA 1410 grounds. Although "a person who prospectively waives all interest in a future estate . . . may not file objections to the probate of the will," any such waiver "must be clear and unequivocal" and "such waivers are to be narrowly interpreted" (*Estate of Mimoun*, 2008 NY Misc LEXIS 6035, *4 [2008]).

The court's denial of sanctions was not an improvident exercise of its discretion (22 NYCRR part 130). In light of the foregoing, petitioners request for costs for the appeal is denied. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.