OPINION OF THE COURT
Peter J. Kelly, S.
In this proceeding by decedent’s surviving spouse to compel the executor to set aside and deliver exempt property in compliance with EPTL 5-3.1 (a) (5) and (6), petitioner moves for an order granting summary judgment. Respondent executor cross-moves for summary judgment dismissing the petition and for attorney’s fees and costs.
Prior to their marriage, decedent and petitioner entered into a prenuptial agreement. The agreement provides, in part, as follows:
“ARTICLE VIII
“MARRONE WILL
“Except as otherwise provided herein, MARRONE shall have the right to dispose of his property by Last Will and Testament in such manner as he may, in his uncontrolled discretion deem proper, and with the same force and effect as if RUBIN had died during his lifetime. MARRONE covenants that he will permit any Will of RUBIN to be probated, and if she shall die intestate, will allow administration of her personal estate and effects to be taken out by the person or persons who would have been entitled thereto had he died during her lifetime.”
“ARTICLE VIII
“RUBIN WILL
“Except as otherwise provided herein, RUBIN shall have the right to dispose of her property by Last *227 Will and Testament in such manner as she may, in her uncontrolled discretion deem proper, and with the same force and effect as if MARRONE had died during her lifetime. RUBIN covenants that she will permit any Will of MARRONE to be probated, and if he shall die intestate, will allow administration of his personal estate and effects to be taken out by the person or persons who would have been entitled thereto had she died during her lifetime.”
“ARTICLE X
“EXCEPTIONAL WAIVER
“Except as otherwise provided herein, each party does hereby waive and release any statutory right or interest he or she may have by force of law, or otherwise, as a surviving spouse in the property, real or personal, of which the other party shall die seized or possessed, or to which either of them or their estates may in any way be entitled and each party further waives the right that he or she may now or may hereafter have pursuant to the provisions of Section 5-1.1 of the Estates, Powers and Trust Law of the State of New York, or any comparable provisions of the laws of any other state which may have jurisdiction over the estate of either party hereto on his or her death, as such sections now exist or hereafter may be amended, to elect to take in contravention of the terms of any Last Will and Testament of the other party, including any Last Will and Testament now executed or which may hereafter be executed.”
Respondent opposes petitioner’s claim as surviving spouse to exempt property on the ground that under the terms of the prenuptial agreement petitioner waived her right to receive any property pursuant to EPTL 5-3.1.
EPTL 5-3.1 provides that certain property, including a motor vehicle of a stated value and cash of a stated amount (EPTL 5-3.1 [a] [5], [6]), is exempt for the benefit of a decedent’s family. Pursuant to the statute, the specified items of property are not assets of the estate but vest in, and are set off to, the surviving spouse or children under age 21. Thus, an interest in exempt property is not an interest in the decedent’s estate; title vests immediately in the statutory beneficiaries and the property is not considered part of decedent’s estate (see Matter of Maslanka, 63 Misc 2d 70 [1970]).
*228 The statutory right to exempt property may be waived by a prenuptial or separation agreement; however, such waivers are strictly construed. In the absence of an explicit waiver referencing EPTL 5-3.1, the language of the agreement must otherwise clearly indicate an intention to relinquish the right to the exempt property (see Matter of Dito, 218 AD2d 737 [1995]; Matter of De Roo, 148 Misc 2d 856 [1990]).
Petitioner contends that the prenuptial agreement does not address the disposition of exempt property. She argues that there is no specific reference in the prenuptial to EPTL 5-3.1 and that the language contained in the agreement does not constitute a clear, definite or unequivocal waiver of the rights afforded her pursuant to the statute. In the absence thereof, petitioner asserts she is entitled to receive the exempt property she is seeking pursuant to EPTL 5-3.1.
In opposition and in support of the cross motion respondent argues that the language of the agreement clearly encompasses a waiver of exempt property. Respondent contends that the language contained in articles VII and EX, permitting the parties to dispose of their property as if the other had died during his or her lifetime, and in article X, waiving and releasing any statutory right or interest as a surviving spouse in each other’s property, is sufficiently broad and explicit enough to amount to a waiver of any exempt property rights under the statute.
Since exempt property is not considered part of the decedent’s estate, in the absence of a specific reference to EPTL 5-3.1 or “exempt property,” general language such as “[waives] all statutory interests in the other’s estate” or “waives all rights under any statute of distribution or any other statute” would be insufficient to constitute a waiver of the right to exempt property (see Matter of De Roo, 148 Misc 2d 856, 858 [1990]; Matter of Laudadio, NYLJ, Mar. 21, 2001, at 3, col 1). Here, however, the prenuptial agreement states much more.
Article X of the agreement not only provides that the parties waive any statutory right or interest in each other’s estate, but also specifically states that the parties waive any statutory right or interest each may have as a surviving spouse. In addition, the agreement provides in articles VIII and IX that the property of each may be disposed of as if he or she died before the other. Clearly, if petitioner predeceased decedent or was not otherwise a surviving spouse, she could have no claim to the property. To reason that the parties’ expression of their clear intent to waive their rights as surviving spouses as well as a *229 waiver of any other property interest each may possess does not encompass a waiver of exempt property merely because the numerical description of “5-3.1” is not additionally set forth would be an act of sophistry.
Consequently as the language contained in articles VIII, IX and X, taken together in the context of the entire agreement, demonstrates a clear intention by each party to relinquish all interest and right to each other’s property the court finds that petitioner waived her right to the statutory exemption under EPTL 5-3.1 in the prenuptial agreement (see e.g. Matter of Markel, 175 Misc 573 [1940], affd 261 App Div 951 [1941]).
Pursuant to article XII of the prenuptial agreement, in the event of a dispute with respect to the agreement, the prevailing party is entitled, in addition to damages, to receive reimbursement of his or her costs and expenses, including reasonable counsel fees and disbursements.
Accordingly, petitioner’s motion for summary judgment is denied. Respondent’s cross motion for summary judgment is granted.